# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| GILARIME MUELLER, ) | |
|     Plaintiff, ) | Civil Case No. 7:19-cv-00019 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| WARDEN OF LEE COUNTY, ) | Chief United States District Judge |
|     Defendant. ) | |

## MEMORANDUM OPINION

Gilarime Mueller, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. ECF No. 1.[1] This matter is before the court on the government's motion to dismiss, or in the alternative for summary judgment, to which Mueller has responded. ECF No. 14, 19, 20, 21. For the reasons set forth below, the government's motion will be granted and the § 2241 Petition, as amended, will be dismissed without prejudice for lack of jurisdiction.

**I.    Background**

On November 20, 2008, following a jury trial, Mueller was convicted in the Southern District of Iowa of conspiracy to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. § 846 and 841(b)(1)(A), and possession with intent to distribute at least five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(b), (b)(1)(B), and 18 U.S.C. § 2. United States v. Canady et. al., Case No. 3:08-cr-0054 (S.D. Iowa 2008), ECF No. 92. The Iowa court found Mueller was responsible for approximately 24 kilograms of cocaine base as

---

[1] After filing his initial petition on January 9, 2019, Mueller filed a motion to amend, which the court granted. ECF No. 3, 5. Mueller also filed an "additional claim" (ECF No. 8) which the court has likewise considered in this opinion.

a member of the conspiracy and qualified for a base offense level of 38, per U.S.S.G. §2D1.1, because the drug quantity "exceeded four and a half kilos of crack cocaine." Id. at ECF No. 116; Sent. Tr., ECF No. 150 at 25. The court imposed a two-level sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1 for assaulting a government witness. Id. Ultimately, the court imposed an offense level of 40 and a criminal history level of five, resulting in an advisory guideline range of 360 months to life imprisonment.[2] Id. On April 2, 2009, the court sentenced Mueller to 380 months imprisonment.

Mueller appealed his conviction and sentence, arguing, among other things, that the district court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), when it attributed 4.5 kilograms of cocaine base to him, there was no proof supporting the drug quantity found by the court, and his sentence violated the Eighth Amendment. United States v. Mueller, 368 Fed. App'x 709, 710 (8th Cir. 2010). The Eighth Circuit affirmed the district court's judgment. Relevant here, the Eighth Circuit wrote:

> [T]he district court's drug-quantity finding (1) did not violate Apprendi, as Mueller was sentenced within the applicable statutory maximum, see 530 U.S. at 490; (2) was properly based on the preponderance-of-the-evidence standard, as the court applied advisory Guidelines, see United States v. Hines, 472 F.3d 1038, 1040 (8th Cir. 2007) (per curiam); and (3) was amply supported by the testimony of co-conspirator Andrew Sullivan. We further conclude that Mueller's 380-month sentence neither violated the Eighth Amendment, given the large quantity of cocaine base involved and Mueller's criminal history, see United States v. James, 564 F.3d 960, 964 (8th Cir.), cert. denied, 558 U.S. 962 (2009), nor constituted an abuse of discretion, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir.2009) (en banc)

Id. at 711–12.

---

[2] The court declined to impose an additional two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. ECF No. 116; Sentencing Transcript, ECF No. 150 at 26.

Mueller filed a motion to vacate his sentence under 28 U.S.C. § 2255 in April 2010, and then a second § 2255 motion in June 2011, which were both dismissed by the sentencing court.[3] Subsequently, Mueller filed a variety of motions in 2015 through 2017, including a motion for discovery and a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), which were denied.

Mueller filed the instant § 2241 Petition in January 2019, asserting two claims, essentially arguing that he is being illegally detained in violation of the Fifth, Sixth, and Eighth Amendment to the United States Constitution because his sentence is illegal. Mueller argues that he was charged in a vague indictment, pursuant to a vague law, and that the sentencing court improperly calculated his sentence and acted outside its authority by applying aggravating factors to the guideline calculations. Mueller writes that "the term 'at least' coupled with the drug amount . . . creates unpredictability and arbitrariness." ECF No. 1 at 29. Mueller also challenges the enhancements to his sentences based on his narcotics offenses, asserting that the drug amounts attributed to him by the court were not properly submitted to a jury and proven beyond a reasonable doubt. Id. at 35.

---

[3] In his April 2010 motion Mueller sought "satisfaction of the Court-ordered $200 special assessment payable to the Crime Victims Fund" per the Judgment, which the court construed as a petition under § 2255 because he was challenging a part of his sentence. Mueller v. USA, Case No. 4:10cv148 (S.D. Iowa 2010), ECF No. 1, 3. Mueller later objected to the recharacterization of his motion as a § 2255 motion. Id. at ECF No. 7. However, he did not appeal the court's order; instead, his motion for an extension of time to file an appeal was denied. Id. at ECF No. 5, 6. Mueller then filed a § 2255 motion in June 2011 arguing ineffective assistance of counsel, which the court initially dismissed as a second, successive § 2255 motion. Mueller v. USA, Case No. 4:11cv309 (S.D. Iowa 2011), ECF No. 1, 2. However, the court subsequently granted Mueller's motion for reconsideration, considered his § 2255 motion, and ultimately denied it on the merits. Id. at ECF No. 4, 5, 6. Mueller appealed, and the Court of Appeals for the Eighth Circuit and the Supreme Court of the United States denied his application for a certificate of appealability. Id. at ECF No. 13, 15; see also Castro v. United States, 540 U.S. 375, 376, 124 (2003).

In support, Mueller cites primarily to Apprendi v. New Jersey, 530 U.S. 466 (2000), Alleyne v. United States, 570 U.S. 99 (2013), and United States v. Booker, 543 U.S. 220 (2005). Apprendi held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Alleyne went further, declaring, "[m]andatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. at 103. In Booker, the Supreme Court, "held that the mandatory application of the federal sentencing guidelines to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment." United States v. Moss, 180 Fed. App'x 444 (4th Cir. 2006).

## II. Law

Generally, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255, and must file his motion with the sentencing court. Nonetheless, § 2255 contains a "savings clause" that provides "relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if [the petitioner] can demonstrate that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); United States v. Wheeler, 886 F.3d 415, 419 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019) (citing 28 U.S.C. § 2255(e)). However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

4

In <u>Wheeler</u>, the Fourth Circuit explained that, where a petitioner is challenging the legality of his sentence, § 2255 is deemed "inadequate and ineffective" only when all of the following four conditions are satisfied: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)[4] for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. <u>Id.</u> at 429.[5] Importantly, the requirements of the savings clause are jurisdictional, such that, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the <u>Wheeler</u> test for the district court to have subject matter jurisdiction

---

[4] Section 2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

[5] The <u>Wheeler</u> test applies to prisoners challenging the legality of their sentences, while the test outlined in <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000) applies to prisoners challenging the legality of their conviction. <u>Ponder v. United States</u>, No. 19-6759, 2020 WL 488958, at *2 (4th Cir. Jan. 30, 2020) (concluding that the district court improperly used the <u>Wheeler</u> test when assessing whether the prisoner could advance his claim through a § 2241 petition). To prove that § 2255 is inadequate or ineffective to test the legality of his conviction, a § 2241 petitioner must establish that: (1) at the time of conviction, settled law of th[e] circuit [of his conviction] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. <u>In re Jones</u>, 226 F.3d at 333-34.

5

to evaluate the merits of the petitioner's claims. Id. at 426–29. Here, because Mueller was convicted in the Eighth Circuit, the court will apply Fourth Circuit procedural law, but Eighth Circuit substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019).

### III. Analysis

Mueller challenges the legality of his sentence under the savings clause of 28 U.S.C. § 2255(e). ECF No. 1 at 10. However, this court lacks subject matter jurisdiction to evaluate his claim on the merits because he fails to satisfy the Wheeler test, specifically the second, third and fourth prongs. The second prong of Wheeler requires a demonstration that the "settled substantive law changed and was deemed to apply retroactively on collateral review." 886 F.3d at 429. Mueller bases his argument primarily on the Supreme Court's holding in Alleyne, which he states "represents a substantive change in [l]aw [that] was foreclosed to [his] initial [§] 2255."[6] See ECF No. 1 at 22, 33. However, Mueller provides no evidence, and the court is aware of none, that, subsequent to his sentencing, appeal, and motion to vacate, the law changed such that his sentence for conspiracy to distribute and possession with intent to distribute cocaine base is no longer a legal sentence.[7] Indeed, Alleyne has no application to Mueller's sentence because the court's drug quantity determinations at sentencing did not

---

[6] While Mueller cites to a number of other cases as well, these cases likewise did not create any retroactive new substantive law that affected his underlying conviction or sentence.

[7] Instead, Mueller argues that the sentence imposed was illegal because the Indictment and the law he was charged under were unconstitutionally vague, and thus he is being detained in violation of the Constitution. For example, Mueller states that the charges were "vague and indefinite" which "violated the fifth Amendment's Fair Notice requirement." ECF No. 1 at 22. In support, Mueller characterizes the wording of "at least 50 grams" and "at least 5 grams" as "indefinite or indeterminate." Id. at 28, 33. Mueller contends that this resulted in a "separate aggravating crime" and an improperly increased sentence, whereby he claims he received 32 years when he would otherwise have received five. Id. at 33–34.

6

increase Mueller's statutory mandatory minimum sentences, but rather, were used to determine their advisory Guidelines ranges. See United States v. Benn, 572 F. App'x 167, 179–80 (4th Cir. 2014) (quoting United States v. Ramirez–Negron, 751 F.3d 42 (1st Cir. May 9, 2014) ("[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in Alleyne.").

Mueller's argument also fails because Alleyne has not been held to be retroactively applicable to cases on collateral review.[8] See United States v. Walberg, No. 3:08-CR-106-9, 2013 WL 12228959, at *1 (D.N.D. Oct. 31, 2013) (noting that the United States Court of Appeals for the Eighth Circuit has discussed Alleyne, but "has not found it should be retroactively applicable"); accord United States v. Cornette, 932 F.3d 204, 210 (4th Cir. 2019) (noting that "the Supreme Court did not make Alleyne retroactive"); Hyles v. Breckon, No. 7:18-cv-00183-NKM, 2018 WL 3765375, at *4 (W.D. Va. Aug. 8, 2018) (stating that "Alleyne and Apprendi are not retroactively applicable on collateral review" and citing cases); Williams v. United States, No. 4:09-cr-00039-SGW, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014) ("[T]he new rule announced in Alleyne is not retroactively applicable to cases on collateral

---

[8] For habeas corpus petitions within the Fourth Circuit, district courts apply the substantive law of the place of conviction and the procedural law of the Fourth Circuit; thus, the substantive law of the place of conviction – the Eighth Circuit – only applies to the second prong of the savings clause test. See, e.g., Chaney v. O'Brien, No. 7:07CV00121, 2007 WL 1189641, at *2-3 (W.D. Va. Apr. 23, 2007) (unpublished) (noting that the law of the place of conviction governs the second prong of the savings clause test); Goodwin v. Mackelburg, No. CV 0:19-1816-HMH-PJG, 2019 WL 4784411, at *3 (D.S.C. Oct. 1, 2019).

7

review, and [thus] the court will dismiss the claim.'"). The other cases Mueller cites that address facts increasing the statutory maximum or minimum sentences, Apprendi and Booker, were decided before Mueller's sentencing in 2009. Indeed, the Eighth Circuit specifically found on Mueller's direct appeal that "the district court's drug-quantity finding . . . did not violate Apprendi . . . ." Mueller, 368 Fed. App'x at 711-12 (8th Cir. 2010).

At bottom, there is no evidence that subsequent to Mueller's sentencing, appeal, and first motion to vacate, the law changed such that the Mueller's sentence is no longer legal. Accordingly, Mueller fails to meet the second requirement of Wheeler, that there be a change in substantive law that is deemed retroactive on collateral review, and thus he may not proceed under § 2241. See Wheeler, 886 F.3d at 429.

Likewise, Mueller cannot satisfy the third prong of Wheeler, which requires being unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions. Once a prisoner has filed an unsuccessful § 2255 motion, he may file another only under very limited circumstances. Specifically, the prisoner must first receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. 28 U.S.C. § 2255(h)(1)-(2). These "restrictions are referred to as the "gatekeeping provisions" of § 2255." Lester v. Flournoy, 909 F.3d 708, 712 (4th Cir. 2018). In Lester the Fourth Circuit noted that the petitioner was unable to "satisfy the gatekeeping provisions of § 2255," and thus could proceed under § 2241,

8

because no new evidence of actual innocence existed, and the case he relied on as a new rule of law was "a decision of statutory interpretation, not constitutional law."[9] Id.

Here, in contrast, Mueller makes constitutional arguments. He relies on Alleyne, which has been held to be a constitutional decision. See Poe v. LaRiva, 834 F.3d 770, 774 (7th Cir. 2016) (finding that petitioner could not resort to the "savings clause" to bring a §2241 petition because Alleyne is a constitutional case, not a statutory-interpretation case"); see also Roche v. Breckon, No. 7:18-CV-00325, 2020 WL 1121108, at *3 (W.D. Va. Mar. 6, 2020) (noting that "Constitutional arguments have no place within Wheeler's framework, as Wheeler and Jones both involved statutory, not constitutional decisions). Mueller alleges that the government is violating his rights under the Eighth Amendment, his due process rights, and the suspension clause. ECF No. 1 at 6, 7; ECF No. 19 at 4. Thus, as the government argues, Mueller could have sought § 2255 relief by seeking leave to file a § 2255 motion within one year of Alleyne. However, the fact that Mueller did not take that route, and thus failed to satisfy the statute of limitations provided in § 2255(f), does not make § 2255 "inadequate or ineffective." In re Vial, 115 F.3d at 1194 (noting that the "remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion") (citations omitted).

Finally, Mueller cannot satisfy the fourth prong of Wheeler, which requires a showing that due to a retroactive change in the law, his sentence "now presents an error sufficiently

---

[9] The prisoner In Lester relied on Chambers v. United States, 555 U.S. 122, 127–28 (2009).

grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 428–429 (noting that the "Supreme Court has long recognized a right to traditional habeas corpus relief based on an illegally extended sentence"). Here, Mueller was sentenced to 380 months imprisonment for possession and possession with intent to distribute a controlled substance. On direct appeal, the Court of Appeals for the Eighth Circuit specifically held that the sentencing court's "drug-quantity finding" was "properly based on the preponderance of the evidence standard, as the court applied advisory Guidelines" and did not violate Apprendi or the Eighth Amendment. United States v. Mueller, 368 Fed. at 710; see also Turner v. Saad, No. 3:18-CV-26, 2019 WL 2098987, at *2 (N.D.W. Va. May 14, 2019), aff'd, 785 Fed. App'x 141 (4th Cir. 2019) (dismissing a § 2241 Petition in a case involving an erroneous Guidelines classification as a career offender, and noting that in "Lester,[ 909 F.3d at 715] the Fourth Circuit held that Wheeler would not apply if the Petitioner had "been sentenced under the advisory Guidelines"); see also Barksdale v. Rickard, No. CV 1:17-03216, 2020 WL 557258, at *4 (S.D.W. Va. Feb. 4, 2020) (noting that, while "Wheeler did hold that a sentencing error can constitute a fundamental defect," that occurs "only when the error results in an erroneous *mandatory* minimum . . . because the defendant was sentenced pre-Booker). Here, Mueller has not demonstrated any error in his sentence, especially considering that he was sentenced in 2009 under the advisory Guidelines.

IV.     **Conclusion**

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over Mueller's § 2241 Petition. Accordingly, the Government's Motion to Dismiss (ECF No.

14) is **GRANTED** and the Mueller's petition is **DISMISSED** without prejudice for lack of jurisdiction.[10] An appropriate order will issue this day. All remaining motions will be denied.

It is so **ORDERED**.

ENTERED: March 20, 2020

Michael F. Urbanski
Digitally signed by Michael F. Urbanski
DN: cn=Michael F. Urbanski, o=Western District of Virginia, ou=United States District Court, email=mikeu@vawd.uscourts.gov, c=US
Date: 2020.03.20 17:11:06 -04'00'

MICHAEL F. URBANSKI
CHIEF UNITED STATES DISTRICT JUDGE

---

[10] To the extent Mueller also moves for summary judgment, the court will likewise dismiss such motion because it lacks jurisdiction. See Swindle v. Hudgins, No. 5:19-cv-300-JPB, 2020 WL 469660, at *3 (N.D. W. Va. Jan. 29, 2020) ("Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction." (citing Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam)).